RECEIPT # 55106 A1
AMOUNT $ 150 nc '04-9-04
SUMMONS ISSUED Y-3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. pr
DATE 4-9-04

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PAUL W. GREGORY,              )
                             )
              **Plaintiff**   )    CIVIL ACTION NO.
                             )    04 C  10719  GAO
vs.                          )
                             )    COMPLAINT        MAGISTRATE JUDGE Bowler
NICKALOS GULAKOS.,            )
VOICE DISTRIBUTORS, INC.      )
and TELECOM EXPRESS, INC.     )
                             )
              **Defendants**  )
                             )
                             )    March 31, 2004

Plaintiff, Paul W. Gregory, complains against the defendants as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this action is proper in this Court under the provisions of Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78aa.

2. Venue is proper in this District under the provisions of both Section 27 of the Exchange Act, 15 U.S.C. §78aa, and 28 U.S.C. §1391(a), inasmuch as the actions and events giving rise to the claims set forth herein occurred in this District.

## THE PARTIES

3. Plaintiff Paul W. Gregory is an individual who is, and at all times relevant hereto was, a resident of the Town of Marblehead, County of Essex, Massachusetts.

4. Defendant Nicholas Gulakos ("Gulakos") is an individual who is, and at all time relevant hereto was, a resident of the City of Medford, County of Middlesex, Massachusetts.

5.   Defendant Voice Distributors, Inc. is a corporation, organized under the laws of the Commonwealth of Massachusetts, whose principal offices are located at 151 Mystic Avenue, Medford, Massachusetts 02155.

6.   Defendant Telecom Express, Inc. ("Telecom Express") is a corporation, organized under the laws of the Commonwealth of Massachusetts, whose principal offices are also located at 151 Mystic Avenue, Medford, Massachusetts 02155.

## FACTUAL ALLEGATIONS

7.   From April 1995 until August 2000 the Plaintiff was engaged in the business of marketing, selling and distributing prepaid phone cards, ultimately through a wholly-owned Massachusetts corporation organized in January 1998 and named New England Telecom, Inc. ("New England Telecom"). In August of 2000 the Plaintiff sold the New England Telecom business to Cellular Technical Services Company, Inc., a publicly-held Delaware corporation ("CTS").

8.   For several years prior to April 2001 Gulakos had also been engaged in the prepaid-phone-card business, commencing in January 2000 through Telecom Express, which was and, upon information and belief, still is owned or controlled by him.

9.   In April 2001, following extensive discussions between him and the Plaintiff, Gulakos agreed to issue to the Plaintiff a one-half interest in what was to be a new corporation, subsequently organized in the Commonwealth of Massachusetts on May 22, 2001 and named Voice Distributors, Inc. ("Voice Distributors"), in consideration of the Plaintiff's contribution of $15,000 to the capital of the new corporation and his making available to it his industry expertise (in vendor relations and negotiations and in sales and marketing and the management and administration of a sizable prepaid-phone-card distributor), his broad array of industry contacts and relationships (including a crucially

important distribution agreement with the distributor affiliate (STI) of a prepaid-phone-card carrier named Telco Group, Inc. upon which at least the initial Voice Distributors business was to be based) and his excellent industry reputation.

10. Based upon his purported concern over the possible effect upon Voice Distributors of a dispute that had arisen between the Plaintiff and CTS over the sale to CTS of the New England Telecom business, Gulakos induced the Plaintiff to conceal his one-half ownership interest in Voice Distributors and to allow said interest to be held in Gulakos' name. As a result, although the Plaintiff had acquired and beneficially owned one-half of the outstanding shares of Voice Distributors' capital stock, Gulakos appeared as that company's sole shareholder of record. Gulakos intentionally concealed from the Plaintiff his true intentions, which were to defraud the Plaintiff by ultimately denying the existence of the two parties' agreement concerning the allocation of the Voice Distributors shares.

11. During the course of the approximately two-year period between May 2001 and April 2003 Voice Distributors enjoyed rapidly increasing revenues and profits. Specifically, in 2001 the company's revenues and profits amounted to $2,796,000 and $98,000, respectively; in 2002 the company's revenues and profits amounted to $16,756,000 and $481,000, respectively; and the Plaintiff estimates (based upon all of the information available to him) that in 2003 the company's revenues and profits amounted to approximately $21,000,000 and $1,000,000 respectively. Based upon the information available to him, the Plaintiff believes that since January 2004 the revenues and profits of Voice Distributors have continued to enjoy healthy growth.

12. By late 2002 the Plaintiff had decided that it was appropriate that the Voice Distributors shares beneficially owned by him be transferred into his name in the

corporate records, and he asked Gulakos that said action be taken. On April 26, 2003, after months of foot-dragging in response to the Plaintiff's request, Gulakos abruptly informed the Plaintiff that he was terminating the Plaintiff's connection with Voice Distributors and would thereafter be taking the position that the Plaintiff had never in fact owned any of that company's outstanding shares.

13. Based upon the information available to him, the Plaintiff believes that reasonable grounds exist for concluding that a significant portion of the revenues and profits generated by or fairly allocable to the business of Voice Distributors has been diverted by Gulakos to Telecom Express.

## FIRST CAUSE OF ACTION: FEDERAL SECURITIES FRAUD

14. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

15. The misrepresentations and omissions engaged in by Gulakos and set forth in Paragraphs 9 and 10 violated the provisions of Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5 of the Securities And Exchange Commission, 17 C.F.R. 240.10b-5, thereunder.

## SECOND CAUSE OF ACTION: MASSACHUSETTS SECURITIES FRAUD

16. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

17. The misrepresentations and omissions engaged in by Gulakos and set forth in Paragraphs 9 and 10 violated the provisions of Section 410(a)(2) of the Massachusetts Uniform Securities Act, M.G.L. Ch. 110A §410(a)(2).

### THIRD CAUSE OF ACTION: COMMON LAW DECEIT

18.  The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

19.  The misrepresentations and omissions engaged in by Gulakos and set forth in Paragraphs 9 and 10 constitute the tort of deceit, as established in the common law of the Commonwealth of Massachusetts

### FOURTH CAUSE OF ACTION: M.G.L. CHAPTER 93A

20.  The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

21.  The misrepresentations and omissions engaged in by Gulakos and set forth in Paragraphs 9 and 10, and the willful breach by Gulakos of his agreement with the Plaintiff described in Paragraph 12, constitute "unfair or deceptive acts and practices" of the kind which have been declared unlawful by M.G.L. Chapter 93A and the rules and regulations promulgated thereunder

### FIFTH CAUSE OF ACTION: BREACH OF CONTRACT

22.  The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

23.  The willful breach by Gulakos of his agreement with the Plaintiff described in Paragraph 12 constitutes breach of contract under the common law of the Commonwealth of Massachusetts.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff requests a judgment in his favor as follows:

(1) Ordering the provision to the Plaintiff by the defendants, pursuant to such procedures as the Court may deem appropriate, of a full and fair accounting of all of the

revenues and profits earned by or fairly allocable to Voice Distributors from the inception

of that company to the date of said accounting;

(2) Ordering the payment to the Plaintiff by the defendants (as and to the extent

appropriate in each case) of compensatory damages in an appropriate amount, to

compensate the Plaintiff for that portion of the profits earned by or fairly allocable to

Voice Distributors of which the Plaintiff has been unlawfully deprived;

(3) Ordering the payment by the defendants (as and to the extent appropriate in

each case) of the additional damages provided for by the provisions of Massachusetts

General Laws Chapter 93A;

(4) Ordering the issuance or transfer to the Plaintiff of shares of the capital stock

of Voice Distributors representing a one-half ownership interest in that company;

(5) Ordering the payment by the defendants (as and to the extent appropriate in

each case) to the Plaintiff of the costs of this action, including reasonable attorneys' fees;

and

(6) Ordering such further relief as the Court may deem proper in the

circumstances.

Donal B. Barrett
11 Pleasant Street
Dover, MA 02030
(B.B.O.# 030560)
(508-785-1618)
(Fax: 785-1305)

Dated: March 31, 2004

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Paul W. Gregory

## DEFENDANTS

Nicholas Gulakos; Voice Distributors, Inc.; Telecom Express, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Donal B. Barnett, Esq.
11 Pleasant Street
Dover, MA 02030   (508-785-1618)

ATTORNEYS (IF KNOWN)

04cv10719 GAO

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
#### PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

#### PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

#### PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
#### HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☒ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. §78j(b) (Securities Fraud)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $  Accounting; Injunction Relief; Compulsatory damages

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  04/09/04

SIGNATURE OF ATTORNEY OF RECORD  Donal B. Barnett

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

_____ " Gregory v. Gujakos "_____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

___  I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

✓  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

___  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

___  IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

___  V.     150, 152, 153.

04 C 10719 GAO

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                               YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)

                                               YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                               YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                               YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                               (YES)       NO

        A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

              (EASTERN DIVISION)            CENTRAL DIVISION            WESTERN DIVISION

        B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

              EASTERN DIVISION             CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Donal R. Bennett, Esq.

ADDRESS   11 Pleasant Street  Dover, MA   02030

TELEPHONE NO.   (508) 785-1618

(Cover sheet local.wpd - 11/27/00)




**OFFICE OF THE CLERK**
## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
ONE COURTHOUSE WAY
BOSTON MA 02210

**IN RE:** *Paul W. Gregory Vs Nickalos Galiakos etc*

DEAR SIR/MADAM

Your complaint/petition has been received_____ for filing by this office but has not been filed because one or more of the following is missing and is necessary for the filing of your proceeding

( ✓ )    **Civil Cover Sheet**

( ✓ )    **Civil Category Sheet**

( )    **Complaint/petition  (needs signature)**

( ✓ )    **Filing Fee** (Does not apply tho those who are proceeding in forma pauperis)    # *150ᵒᵒ*

( )    **Application to Proceed Without Prepayment of Fee (AO 240)**

**FOR PRISONERS:**

( )    **Completed Certificate portion of AO 240 form by Institution of incarceration**

( )    **Certified copy of prisoner's trust fund account** (or institutional equivalent) **for prior six moth period**

( )    **Filing Fee or Partial Filing Fee**

Other_____

Please Provide and /or complete those items which are checked above and return them to this office as soon as possible. Your Complaint/Petition will be filed when material requested is received by this office

If you need further assistance, please contact the Clerk's Office at 617-748-4226 or Fax 617-748-9096

Date *4|1|04*

**By** *F. Orozco*
**Deputy Clerk**

Complaint fee $150.00
Writ Habeas Corpus $ 5.00
Make check payable to: CLERK, US DISTRICT COURT