UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL W. GREGORY,<br>    Plaintiff<br><br>v.<br><br>NICKOLAS GULAKOS,<br>VOICE DISTRIBUTORS, INC.,<br>And TELECOM EXPRESS, INC.,<br>    Defendants. | Docket No. 04-10719-GAO |

## DEFENDANTS' MOTION TO DISMISS
## (INCORPORATING MEMORANDUM)

NOW COME the Defendants, Nickolas Gulakos ("Gulakos"), Voice Distributors, Inc. ("Voice Distributors") and Telecom Express, Inc. ("Telecom") and hereby move to dismiss the Plaintiff's five-count complaint in its entirety, pursuant to Fed. R. Civ. P. 9 (b), 12 (b) (6) and 12 (b) (1), and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. Count I, which alleges that the Defendants committed securities fraud in violation of Section 10 (b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j (b), and Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, should be dismissed because the Plaintiff, as a matter of law, lacks standing to pursue this claim, has failed to plead securities fraud with the requisite degree of particularity and has failed to state a claim upon which relief may be granted. As a consequence of the Plaintiff's failure to properly allege a federal question in Count I, Counts II through V, all of which allege Massachusetts statutory or common law violations, should also be dismissed under Fed. R. Civ. P. 12 (b) (1) for lack of subject matter jurisdiction.

Furthermore, each state law claim as alleged is independently deficient on its face and should be dismissed. Count II (Massachusetts Securities Fraud) should be dismissed for failure to state a claim; Count III (Deceit) should be dismissed because the Plaintiff has failed to plead this count with the requisite particularity; Count IV (M.G.L. c.93A) should be dismissed for lack of standing and because the Plaintiff is barred from making a claim under M.G.L. c.93A; and Count V (Breach of Contract) should be dismissed as a matter of law. Finally, all counts against the Defendant, Telecom, should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6), as no facts are alleged that implicate it in any of the Plaintiff's causes of action.

# I.
## FACTS AS ALLEGED IN THE COMPLAINT[1]

It is alleged that in April, 2001, following extensive discussions, the Plaintiff, Paul W. Gregory ("Plaintiff"), and the individual Defendant, Mr. Gulakos, entered into a verbal agreement whereby Mr. Gulakos "issued to the Plaintiff a one-half interest" in what was to be a new corporation, Voice Distributors, in consideration of fifteen thousand dollars ($15,000.00), as well as the Plaintiff's expertise, industry contacts and reputation. *Complaint* at ¶ 9. Subsequent to this transaction and the May 22, 2001, incorporation of Voice Distributors, the Plaintiff alleges that Mr. Gulakos induced him to conceal his interest in the company based on the Mr. Gulakos' concern over a dispute between the Plaintiff and a third party, CTS. *Complaint* at ¶¶ 9 and 10. The Complaint further alleges that, in persuading the Plaintiff to conceal his one-half interest in Voice

---

[1] The Complaint's factual allegations, most of which the Defendants strongly deny, will be taken as true for the purposes of this motion only. See Fed. R. Civ. P. 12 (b) (6).

Distributors, Mr. Gulakos ultimately intended to cheat the Plaintiff out of his ownership share in Voice Distributors. *Complaint* at ¶ 10.

Apparently by late 2002, nearly a year and a half later, Plaintiff decided it was appropriate that his interest in Voice Distributors no longer be concealed. *Complaint* at ¶ 12. The Plaintiff then allegedly asked Mr. Gulakos to transfer his "beneficially owned" shares to his name in the corporate records. Id. On April 26, 2003, the Defendant, Mr. Gulakos, informed Plaintiff that he was terminating the Plaintiff's connection with Voice Distributors and would thereafter take the position that Plaintiff had never, in fact, owned any of the company's shares. Id.

## II.
## APPLICABLE LEGAL STANDARD

In considering a motion to dismiss, a court must accept all well-pleaded factual averments as true and indulge all reasonable inferences in the plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1 (1st Cir., 1996) However, there are limits to the deference a court must grant to the facts and allegations of a complaint. A court should not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Id. at 3.

# III.
# ARGUMENT

**A. <u>Count I should be dismissed because the Plaintiff lacks standing to pursue such a claim as he alleges no misrepresentation prior to his "beneficial ownership" of Voice Distributor shares.</u>**

The standing requirements in the area of securities litigation are especially strict "in order to curb the risks of vexatious litigation and abuse of discovery." In re: Bank of Boston Corp. Securities Litigation, 762 F.Supp. 1525, 1531 (D.Mass., 1991). Where a plaintiff alleges a violation of Section 10 (b) of the Exchange Act, such individual "has standing to challenge only those misrepresentations upon which he reasonably relied in purchasing or selling his stock" and may only challenge "those events occurring *prior to* the date of his last purchase or sale." Id. at 1532 (emphasis in the original); see also Modell v. Eliot Savings Bank, 139 F.R.D. 17 (D.Mass., 1991).

The Plaintiff does not allege that the Defendant, Mr. Gulakos, made any misrepresentations upon which the Plaintiff relied in purchasing or otherwise earning his one-half interest in Voice Distributors. On the contrary, he only alleges that Mr. Gulakos somehow convinced him to conceal his interest in the company <u>after</u> his one and only purported stock purchase. Because Plaintiff does not allege any misrepresentations upon which he relied in purchasing or selling his stock and only challenges actions taken afterwards, he lacks the requisite standing to bring a claim under Section 10 (b) of the Exchange Act, and Count I must be dismissed.

B. <u>Count I, based on Federal securities fraud, should be dismissed because the Plaintiff has failed to plead this claim with sufficient particularity.</u>

Rule 9 (b) of the Federal Rules of civil Procedure mandates that claims of fraud be plead with specificity as to the time, place, and content of any alleged false representation. <u>In re: Allaire Corporation Securities Litigation</u>, 224 F. Supp. 2d 319, 325 (D. Mass, 2002). Federal courts have been especially rigorous in applying Rule 9 (b) in securities fraud actions to further the goal of "provid[ing] a defendant with fair notice of a plaintiff's claim, to safeguard a wrongdoing, and to protect the defendant against the institution of a strike suit." <u>Shields v. Citytrust Bancorp, Inc.</u> 25 F. 3d 1124, 1128 (1st Cir. 1994) (quoting <u>O'Brien v. National Property Analysts Partners</u>, 936 F. 2d 674, 676 (2d Cir. 1991). Therefore, Rule 9 (b) requires that the complaint must allege "specific facts that make it reasonable to believe that defendant knew the statement was materially false or misleading." <u>Serbian v. Amoskeag Bank Shares, Inc.</u>, 24 F. 3d 357, 361 (1st Cir. 1994).

For a pleading to conform with to Rule 9 (b), it must specify 1) the allegedly fraudulent statements, 2) the identity of the speaker, 3) where and when the statements were made, and 4) why the statements were fraudulent. 224 F. Supp. 2d. at 325. The specificity requirement is even more stringent with respect to securities litigation. Under the PSLRA, a plaintiff must support a claim of securities fraud in the following ways:

1. Specify the time, place and content of each allegedly misleading statement or omission;

2. Explain and provide factual support for why the statement is fraudulent;

3. Provide specific factual allegations to support a reasonable inference that adverse circumstances existed at the time of the statements and were known and deliberately or recklessly disregarded by defendants; and

4. Set forth the source of the information and reasons for the belief when allegations are made on information and belief. (Greebel v. FTP Software, Inc., 194 F.3d 185, 193 (1st Cir., 1999).

A plaintiff cannot meet his burden merely by alleging a wrongful motive on the part of a defendant, but must allege specific facts demonstrating conscious or reckless behavior on the part of the defendant. Maldonado v. Dominguez, 137 F.3d 1 (1st Cir., 1998); Lirette v. Shiva Corp., 27 F.Supp.2d 268, 282 (D.Mass., 1998).

Here, Plaintiff's Complaint fails to meet the stringent mandates of Rule 9 (b) or the PSLRA. First, Plaintiff does not specify the time, place, or content of any statement made by Gulakos or any other Defendant upon which the Plaintiff relied. Second, the Complaint fails to allege any facts that support a reasonable inference that Mr. Gulakos was aware of, or deliberately or recklessly disregarded, the existence of adverse circumstances bearing upon representations he may have made to the Plaintiff. Third, the Plaintiff fails to allege any specific facts which demonstrate conscious or reckless behavior on the part of Mr. Gulakos. The Plaintiff's Complaint simply states that the Defendant "intentionally concealed…his true intentions, which were to defraud the Plaintiff." *Complaint* at ¶10. However, such conclusory statements are woefully insufficient to meet the particularity requirements of Rule 9 (b). See Abelson v. Strong, 644 F. Supp. 524, 529 (D.Mass., 1986).

In his only Federal count, the Plaintiff has failed to allege <u>any</u> specific facts whatsoever that demonstrate the time, place and content of any misleading statements, why <u>any</u> of the Defendants' statements are fraudulent, that adverse circumstances existed at the time and that Mr. Gulakos acted with <u>any</u>, let alone the requisite, fraudulent intent. Therefore, Count I of the Complaint must be dismissed due to the Plaintiff's failure to properly plead fraud with the requisite degree of particularity.

C. <u>Count I, alleging Federal securities fraud, should be dismissed because the Plaintiff fails to state a claim upon which relief may be granted.</u>

Section 10 (b) of the Exchange Act prohibits the use of a manipulative device or contrivance "in connection with the purchase or sale of any security." 15 U.S.C. § 78j (b). In order to state a cognizable claim under this section, a plaintiff must allege an injury resulting from his purchase or sale of securities. <u>International Data Bank, Ltd. v. Zepkin</u>, 812 F.2d 149, 151 (4th Cir., 1987). In addition, the statute "must not be construed so broadly as to convert every common-law fraud that happens to involve securities into a violation of § 10 (b)." <u>Id.</u> at 820.

Rule 10b-5, promulgated by the Securities and Exchange Commission under Section 10 (b) of the Exchange Act, prohibits fraudulent conduct in the sale and purchase of securities. 15 U.S.C. § 78j; 17 C.F.R. § 240.10b-5. Rule 10b-5 provides that it is unlawful for any person, directly or indirectly:

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

>    (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Accordingly, to state a claim under § 10 (b) of the Exchange Act and Rule 10b-5, the Plaintiff must allege facts that show that the Defendants made a misstatement of material fact with the requisite scienter and that the Plaintiff relied on the statement, proximately causing damages.

A fact is material if it would have assumed actual significance in the deliberations of a reasonable shareholder. In re: Cabletron Systems, Inc., 311 F.3d 11, 34 (1st Cir., 2002). The Plaintiff does not allege any statements or other factual representations, let alone misstatements or omissions, made by any of the Defendants that were significant in his deliberations relative to investing in Voice Distributors. The Plaintiff simply alleges that Mr. Gulakos stated his concern about the possible effects on Voice Distributors of the Plaintiff's dispute with a third party. This statement, notably alleged without any specificity, could not possibly have influenced the Plaintiff's deliberations with respect to purchasing Voice Distributors stock, coming as it did after the Plaintiff had already obtained his shares. *Complaint* at ¶ 10. Therefore, the Plaintiff has altogether failed to plead the materiality element of a Rule 10b-5 violation.

The term "scienter" refers to a mental state embracing the intent to deceive, manipulate or defraud. Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193 n.12 (1976). A showing of recklessness can meet the scienter requirement, but the degree of recklessness

demonstrated must be "an extreme departure from the standards of ordinary care." In re: Baylis, 313 F.3d 9, 20 (1st Cir., 2002). In order to satisfy this pleading requirement, a plaintiff must allege facts leading to a "reasonable and strong" inference of scienter, and mere conclusory statements will not suffice. Cabletron, 311 F.3d, at 38-39.

The Plaintiff in the case at bar simply notes that he and Mr. Gulakos entered into the stock transaction after extensive discussions. *Complaint* at ¶ 9. Later in his Complaint, the Plaintiff alleges that Mr. Gulakos intended to deceive him from the inception of Voice Distributors and to deprive him of his ownership interest in Voice Distributors. *Complaint* at ¶ 10. However, the Complaint is devoid of any specific actions or statements on the part of Mr. Gulakos which could conceivably show that he intended to deceive, manipulate or defraud the Plaintiff at the time of the stock transaction. As such, the Plaintiff does not set forth any facts which could possibly demonstrate or lead to a reasonable inference that Mr. Gulakos acted with scienter relative to the Plaintiff's alleged investment in Voice Distributors. Therefore, the Plaintiff has failed to plead this necessary element of a Rule 10b-5 violation.

Significantly, the Plaintiff also fails to allege facts demonstrating that the Defendants employed any manipulative or deceptive device *in connection with* the purchase or sale of any securities. The Plaintiff concedes that Mr. Gulakos' alleged sale or grant of stock was proper and not induced by any specific fraudulent statements. He likewise does not aver that any of the Defendants deceived him in any way with respect to that underlying transaction. *Complaint* at ¶ 9. Any fraudulent behavior on the part of Mr. Gulakos and

the other Defendants is alleged to have occurred <u>after</u> the Plaintiff's investment, and therefore any harm Plaintiff has suffered has no "connection with" that transaction.

The Plaintiff has failed to set forth facts demonstrating or leading to a reasonable inference that the Defendants made material misstatements of fact with the requisite scienter in connection with the sale of Voice Distributors stock. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted with respect to Count I, and it should be dismissed.

### D. <u>All state statutory and common law claims, Counts II through V, should be dismissed for lack of subject matter jurisdiction.</u>

To the extent that the Plaintiff's Federal statutory claims are dismissed, the remaining counts of the Compliant should also be dismissed. Federal courts will customarily dismiss pendent state law claims where the federal statutory claims on which federal jurisdiction is based are dismissed. The U.S. Court of Appeals for the First Circuit has held that "if federal claims are dismissed before trial…state claims should be dismissed as well." <u>Camelio v. American Federation</u>, 137 F.3d 666, 672 (1st Cir., 1998); <u>see also</u> <u>Feinstein v. Resolution Trust Corp.</u>, 942 F.2d 34, 47 (1st Cir., 1991). Because Count I should be dismissed, Counts II through V should also be dismissed for lack of subject matter jurisdiction.

### E. Count II, alleging Massachusetts securities fraud, should be dismissed for failure to state a claim upon which relief may be granted.

Chapter 110A § 410 of the Massachusetts General Laws creates civil liability for "any person who...offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact." M.G.L. c.110A § 410 (a) (2). As detailed above relative to Federal securities fraud, the Plaintiff does not allege that any of the Defendants made any material untrue statement or omission upon which he relied in purchasing his interest in Voice Distributors. While the Plaintiff does not allege any specific fraudulent statements on the part of the Defendants, to the extent that any deceptive or untrue statements are alleged, such statements occurred only *after* the stock transaction. Consequently, Mr. Gulakos could not have sold shares in Voice Distributors to the Plaintiff "by means of" any such statements. Therefore, Count II must be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6).

### F. Count III, alleging deceit, should be dismissed because the Plaintiff has failed to state the circumstances of the alleged deceit with the requisite particularity.

In order to state a claim under the common law tort of deceit, a plaintiff must allege facts demonstrating the following:

    1. That a defendant misstated an existing material fact;
    2. That the defendant made such statement with the knowledge of the falsity of the misrepresentation or with recklessness;
    3. That the defendant intended that the plaintiff rely on the misrepresentation; and
    4. That the plaintiff suffered damage as a result of the misrepresentation.

A pleading alleging deceit is subject to the requirement of particularity with respect to the identity of the person making the misrepresentation, the content of the misrepresentation, and where and when it took place. Greenhood v. Orr & Sembower, Inc., 158 F.Supp.

906, 908 (D.Mass., 1958). The only allegedly deceptive statement is Mr. Gulakos' statement of concern over the Plaintiff's litigation with a third party. *Complaint* at ¶ 10. The Plaintiff fails to state any facts concerning the content of this alleged statement, where it took place or when it took place. *Id.* Therefore, the Plaintiff has not plead deceit with the requisite particularity, and Count III must be dismissed.

G. <u>Count IV, based on the Massachusetts Consumer Protection Act, should be dismissed because the Plaintiff lacks standing and, in any event, the Plaintiff is barred from making a claim under M.G.L. c. 93A.</u>

Chapter 93A prohibits the use of unfair or deceptive acts or practices in the conduct of trade or commerce. M.G.L. c.93A § 2. To have standing to bring suit under this statute, a plaintiff must have participated in a commercial transaction and been injured by a business entity's unfair or deceptive act or practice. <u>Lantner v. Carson</u>, 374 Mass. 606, 373 N.E.2d 973 (1978). The Supreme Judicial Court of Massachusetts has held that Chapter 93A does not apply to alleged wrongs asserted by a stockholder against a corporation or another stockholder. <u>Riseman v. Orion Research, Inc.</u>, 394 Mass. 311, 475 N.E.2d 398 (1985).

Plaintiff does not allege to have been harmed by any unfair or deceptive business act or practice. Rather, he alleges wrongs *as a stockholder* against Mr. Gulakos as a stockholder and Voice Distributors as a corporation. *Complaint* at ¶¶ 9 and 10. Therefore, applicable precedent makes clear that the Plaintiff lacks standing to bring suit under Chapter 93A, and Count IV should be dismissed.

Furthermore, individual participation in a commercial transaction on a private, nonprofessional basis gives rise to a remedy under Section 9 of the Act. See M.G.L. c.93A § 9; Lantner, supra. Section 9 mandates that the individual alleged to have been injured by the unfair or deceptive act or practice send a written demand for relief to the allegedly offending entity at least thirty (30) days prior to the filing of an action. M.G.L. c.93A § 9 (3). If no demand letter is sent, or if a plaintiff does not allege to have sent a demand letter, he is barred from instituting an action under Chapter 93A. Spilios v. Cohen, 647 N.E.2d 1218 (Mass.App.Ct., 1995).

The Plaintiff is listed in the caption to this suit as an individual plaintiff and is referenced as an "individual" party to this action. *Complaint* at ¶3. In allegedly transacting to purchase an interest in Voice Distributors and by purportedly agreeing to conceal that interest, the Plaintiff acted on a private basis, in his capacity as an individual. Therefore, the Plaintiff was required to issue a demand letter at least thirty (30) days prior to instituting an action under Chapter 93A. Plaintiff does not allege to have sent a demand letter to the Defendants at any time prior to instituting this action. As such, his claims under Chapter 93A are effectively barred.

H. Count V should be dismissed because the Plaintiff seeks to enforce an illegal contract.

A contract in violation of the law will not be enforced. Coughlin v. Royal Indemnity Co., 244 Mass. 317, 138 N.E. 395 (1923). Plaintiff alleges that he and Mr. Gulakos colluded and he was "induced" to conceal his ownership interest in Voice Distributors. *Complaint* at ¶ 10. Mr. Gulakos allegedly breached this agreement by refusing to officially transfer

shares into the Plaintiff's name. Essentially, Plaintiff now seeks to enforce an agreement to falsify corporate records in an effort to avoid detection by a third party – a clear violation of applicable law[2]. Since the object of this alleged collusive agreement is patently illegal as set forth in the Complaint, Count V must be dismissed as a matter of law.

### I. All counts against Defendant Telecom should be dismissed because the Plaintiff does not assert any right to relief arising from actions committed by Telecom.

In order to state a claim upon which relief may be granted against Telecom, Plaintiff must allege liability on the part of Telecom with respect to at least one of his claims. Child v. Beame, 417 F.Supp. 1023 (S.D.N.Y., 1976) (holding that where a defendant is named but nowhere claimed to have caused the plaintiff injury, the complaint must be dismissed). The Plaintiff grounds all of his legal claims on the facts alleged in ¶¶ 9, 10 and 12 of the Complaint. See *Complaint* at ¶¶ 15, 17, 19, 21 and 23. In particular, Plaintiff grounds his alleged right to relief in the following key events: 1) the transaction by which he obtained a one-half interest in Voice Distributors, 2) the Plaintiff's and Mr. Gulakos' agreement to conceal his interest and 3) Mr. Gulakos' refusal to re-transfer the Plaintiff's stock into his name in the corporate records. *Complaint* at ¶¶ 9, 10 and 12. None of these transactions or occurrences even remotely involve Telecom. As such, all counts should be dismissed against Telecom due to the Plaintiff's failure to allege any liability on the part of that Defendant with respect to any of his claims.

---

[2] See M.G.L. c.156 § 68 (making it unlawful to knowingly make, execute, file or publish false corporate reports or statements); see also Martell v. Dorey, 126 N.E. 354 (Mass., 1920) (finding an agreement to conceal true ownership of stock for the purposes of avoiding financial liability to be a fraudulent conveyance).

## CONCLUSION

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 9 (b), 12 (b) (6) and 12 (b) (1), and the Private Securities Litigation Reform Act.

Dated: August 11, 2004

Respectfully submitted,
NICKOLAS GULAKOS,
VOICE DISTRIBUTORS and
TELECOM EXPRESS, INC.
By their attorneys,

David E. Belfort
BBO# 634385
Todd J. Bennett
BBO# 643185
Corrigan, Bennett & Belfort, P.C.
One Kendall Square
Building 300, 2nd Floor
Cambridge, MA 02139
Tel.: (617) 577-8800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on August 11, 2004.

David E. Belfort