## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL W. GREGORY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| NICKALOS GULAKOS., | ) |
| VOICE DISTRIBUTORS, INC. | ) |
| and TELECOM EXPRESS, INC., | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |

CIVIL ACTION NO. 04-10719-GAO

August 23, 2004

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS

Plaintiff Paul W. Gregory respectfully requests that this Court deny the above-

captioned motion, offering in support of such request the following Memorandum of

Law.

## MEMORANDUM OF LAW

### Summary

The Plaintiff contends as follows:

1.  That the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C.A. §78u-

4 is, by its terms, applicable only to *class actions* and is, therefore, not in any way

applicable to the pending action.

2.  That Paragraph 13 of the Plaintiff's Complaint states a cognizable claim of

"*fraudulent conveyance*" liability on the part of Telecom Express, Inc. ("Telecom

Express"), under the provisions of M.G.L.A. Ch. 109A, §5 and applicable case law.

3.  That the Plaintiff's claims of *securities fraud* in fact meet all of the substantive and procedural requirements (i) of Securities Exchange Act of 1934 §10(b), 15 U.S.C.A. §78j(b), and Rule 10b-5 of the Securities and Exchange Commission ("SEC"), 17 C.F.R. 240.10b-5, thereunder; (ii) of Section 410(a)(2) the Massachusetts Uniform Securities Act, M.G.L.A. Ch. 110A, §410(a)(2); (iii) of the Massachusetts common law of fraud and deceit, and (iv) of F.R.Civ.P. Rule 9(b).

4.  That the Plaintiff's claims also fall clearly under the provisions of Section 11 of M.G.L.A. Ch. 93A, which provides a private remedy for victims of "an unfair or deceptive act or practice" (as defined) perpetrated in the context of the conduct of "trade or commerce".

5.  That none of the language of the Plaintiff's claims warrants the defendants' assertion that the concealment of his ownership interest in Voice Distributors was "illegal".

## Arguments

### *Standards Applicable to Rule 12(b)(6) Motions*

Rule 12(b)(6), permitting a motion to dismiss for failure to state a claim upon which relief can be granted, is essentially the same as the common-law demurrer for failure to state a cause of action.[1] Such motion tests the legal sufficiency of the Plaintiff's claim for relief. Under the Rule a claim for relief can be dismissed where it either fails to assert a legal theory of recovery that is cognizable at law or fails to allege sufficient facts to support a cognizable claim. For the purposes of a Rule 12(b)(6) motion to dismiss, all well-pleaded facts of the complaint are taken as true, all doubts and inferences are resolved in the plaintiff's favor, and the pleading is viewed in the light most favorable to

---

[1] Fed.R.Civ.P. Rule 12 Advisory Committee Notes, 1946 Amendment.

the plaintiff.[2] In order to sustain a Rule 12(b)(6) challenge, the plaintiff must allege facts, either directly or indirectly, that satisfy each required element under an actionable legal theory of recovery.[3] The plaintiff need not have pleaded a cognizable legal theory as long as the factual allegations are sufficient to satisfy one.[4] The motion should only be granted if it appears with certainty that the plaintiff will be unable to recover under any set of facts.[5] It is only when the facts alleged, if proven, will not justify recovery that an action should be dismissed for failure to state a claim.[6]

## *Inapplicability of PSLRA*

Given the clear language of the PSLRA, limiting its applicability to securities *class actions*, the Plaintiff feels that no further comment on his part is required.

## *"Fraudulent Conveyance" Claim Against Telecom Express*

In his Complaint the Plaintiff contends (i) that he has been unlawfully defrauded by defendant Nickolas Gulakos ("Gulakos") of his one-half interest in Voice Distributors, Inc. ("Voice Distributors"); (ii) that Gulakos, upon information and belief, owns or controls Telecom Express; and (iii) that the Plaintiff "believes that reasonable grounds exist for concluding that a significant portion of the revenues and profits generated by or fairly allocable to the business of Voice Distributors has been diverted by Gulakos to Telecom Express" (Complaint ¶13). The foregoing contentions or claims fall squarely within the language of M.G.L.A. Ch 109A, §5, which defines a "fraudulent transfer" as a "transfer made ... by a debtor [*being Gulakos or Voice Distributors here*] ... if the debtor

---

[2] *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.E.2d 114 (1994); *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir.1996).
[3] *Romero-Barcelo v. Hernandez-Agosto*, 75 F.3d 23 (1st Cir.1996); *Aulson v. Blanchard*, 83 F.3d 1 (1st Cir.1996).
[4] *Carparts Distribution Center, Inc v. Automotive Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12 (1st Cir.1994).
[5] *Roma Const. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir.1996); *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S., 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976).
[6] *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996); *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

made the transfer .... (1) with actual intent to hinder, delay or defraud any creditor of the debtor [*being the Plaintiff here*]." The Plaintiff's standing as a putative "creditor" of Gulakos and Voice Distributors under Massachusetts fraudulent-conveyance law is indisputable. *Hoult v. Hoult*, 862 F.Supp. 644 (D.Mass.1994). Similarly indisputable is the status of Telecom Express, as the purported transferee of the fraudulently diverted revenues and profits of Voice Distributors and a party which would clearly be one of the objects of an order or judgment from this Court invalidating the transfers in question, as a "necessary party" under the provisions of F.R.Civ.P.Rule 19(a). See *Dawavendewa v. Salt River Project Agriculture Improvement & Power District*, 276 F.3d 1150, 1156-1157 (9th Cir.2002); *Provident Trademen's Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Estate of Alvarez v. Donaldson Co.*, 213 F.3d 993 (7th Cir.2000).

*Adequacy of the Plaintiff's Rule 10b-5 Claims*

To state a claim under Rule 10b-5 a plaintiff must show that the defendant [A] knowingly ("*scienter*") [B] made or engaged in a materially false statement or omission [C] in connection with the purchase or sale of securities, [D] upon which the plaintiff justifiably relied and [E] which caused the plaintiff to suffer damages. See, e.g., *Holmes v. Bateson*, 583 F.2d 542, 551 (1st. Cir 1978); *Geffon v. Micrion Corp.*, 76 F.Supp.2d 134, 139 (D.Mass.1999), *affirmed* 249 F.3d 29 (1st Cir.2001).

It is simply impossible to read the claims set forth in Paragraphs 9 through 12 of the Plaintiff's Complaint herein as not meeting the five just-outlined criteria. The Plaintiff is contending that, in connection with the issuances to the Plaintiff of his one-half interest in the shares of Voice Distributors, Gulakos knowingly misrepresented to the Plaintiff his reasons for inducing the Plaintiff to conceal that issuance and intentionally concealed

from the Plaintiff his scheme to ultimately deprive the Plaintiff of that one-half interest,
that the Plaintiff relied upon the fundamental misimpression created by that combination
of misrepresentation and concealment and that, as a result, the Plaintiff has suffered the
loss of what is probably the multi-million-dollar value of that one-half interest.

The principal basis for the defendants' contention that the Plaintiff has failed to state
a claim under Rule 10b-5 appears to be their misreading of Paragraphs 9 and 10 of the
Complaint, which the defendants have apparently construed as claiming that the
aforementioned misrepresentation and concealment by Gulakos occurred *after* the
issuance to the Plaintiff of his one-half interest in Voice Distributors. Nothing in the
language of Paragraphs 9 and 10 warrants such a construction, and that was in any event
not the Plaintiff's intended meaning.

### Adequacy of the Plaintiff's Claims Under Massachusetts Uniform Securities Act Section 410(a)(2)

Aside from limiting its reach to instances of *seller*-perpetrated securities fraud (as
opposed to securities fraud perpetrated by either a seller or a buyer) and apparently not
requiring the *scienter* required by SEC Rule 10b-5, Section 410(a)(2) of the
Massachusetts Uniform Securities Act has been construed as not materially different
from SEC Rule 10b-5. See *Quincy Coop. Bank v. A.G. Edwards & Sons, Inc.*, 655
F.Supp. 78, 87 (D.Mass.1986); *Fenoglio v. Augut, Inc.*, 50 F.Supp2d 46, 59
(D.Mass.1999). Thus, the adequacy of the Plaintiff's claims under SEC Rule 10b-5 in this
instance effectively lays to rest any questions of their adequacy under Section 410(a)(2).

### Adequacy of the Plaintiff's Claims Under the Massachusetts Common Law of Fraud or Deceit

Aside from the Massachusetts common law's possible requirement of "privity"
between the victimized plaintiff and the fraudulent defendant – clearly not an issue in this

instance – a claim of securities fraud under SEC Rule 10b-5 and Massachusetts Uniform Securities Act Section 410(a)(2) will also constitute a claim of fraud or deceit under Massachusetts common law. *Rand v. Cullinet Software, Inc.*, 847 F.Supp. 200, 214 (D.Mass.1994).

*Adequacy of the Plaintiff's Claims Under F.R.Civ.P. Rule 9(b)'s "Particularity" Requirement*

Rule 9(b) requires that all averments of fraud or mistake in a complaint must be pleaded with "particularity". The purposes of this heightened pleading requirement are to give notice to the defendant whose reputation may be harmed by meritless claims of fraud, to discourage strike suits and to prevent filing of suits that simply hope to uncover relevant information during discovery. *Doyle v. Hasbro, Inc*, 103 F.3d 186, 194 (1st Cir. 1996); *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228-29 n.2 (1st Cir. 1980). To satisfy Rule 9(b)'s particularity requirement the plaintiff must specify the time, place and content of the alleged false representation. *Gross v. Summa Four, Inc.*, 93 F.3d 978 (1st Cir. 1996); *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir. 1980); *Mead Corp. v. Stevens Cabinets, Inc.*, 938 F.Supp. 87, 90 (D.Mass.1996). With respect to securities-law claims based on fraud, the complaint must set forth specific facts that make it reasonable to believe that the defendant knew the statement was materially false or misleading, including the particular times, dates, places and other details of the alleged fraudulent involvement. *Gross v. Summa Four, Inc.*, 93 F.3d 987 (1st Cir. 1996); *Serabian v. Amoskeag Bank Shares, Inc.*, 24 F.3d 357, 361 (1st Cir. 1994).

The requirements of particularity under Rule 9(b) may differ with the facts of each case. *Shushany v. Allwaste, Inc.* 922 F.2d 517, 521 (5th Cir. 1993). However, the reference to "circumstances constituting fraud" usually requires the claimant to allege at a minimum the identity of the person who made the fraudulent statement, the time, place,

and content of the misrepresentation, the resulting injury and the method by which the misrepresentation was communicated. *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1127-1128 (2d Cir. 1994). Nevertheless, plaintiffs are not absolutely required to plead the specific date, place or time of the fraudulent acts, provided they use some alternative means of injecting precision and some measure of substantiation into their allegations of fraud. *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 653-655 (3d Cir.1998).

In cases concerning fraudulent misrepresentation and omission of facts Rule 9(b) typically requires the claimant to plead the type of facts omitted, where the omitted facts should have been stated, and the way in which the omitted facts made the representations misleading. *Solow v. Stone*, 994 F.Supp.173, 182 (S.D.N.Y. 1998).

Although Rule 9(b) effectively modifies the general notice-pleading requirements of Rule 8(a)(1), Rule 8(a)(1) still dictates that each averment of a pleading of fraud be "simple, concise, and direct."

Courts also allow the plaintiff extra leeway in pleading when the necessary information is under the exclusive control of the defendant. Otherwise, defrauders might be rewarded for successfully concealing the details of their frauds. See *In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 216 (3rd Cir. 2003). Nevertheless even when the defendant retains control over necessary information, boilerplate and conclusory allegations will not suffice. Plaintiffs must still provide factual allegations that make their claim plausible. *Pilarczyk v. Morrison Knudsen Corp.*, 965 F.Supp. 311 (N.D.N.Y.1997).

Rule 9(b) provides that conditions of the mind, including allegations of malice, intent and knowledge, may be averred generally. *Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1477 (2d Cir. 1995), *cert. denied*, 517 U.S. 1213 (1996). Seemingly, this second sentence of Rule 9(b) moves conditions-of-mind averments in a pleading of fraud or

mistake toward the general notice requirements of Rule 8(a)(2) and Rule 8(b), removing the need for detail that attends other elements of fraud and mistake under the first sentence of Rule 9(b). A rationale for allowing conditions of the mind to be generally stated is that a pleader cannot be expected to know the adverse party's state of mind. *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1004 (2d Cir. 1988).

If a pleader fails to plead fraud with sufficient particularity, the pleader usually will be permitted or have the right to amend to bring the pleading into compliance with the requirements of Rule 9(b). *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986). In fact, a court's discretion to dismiss a pleading without affording leave to amend is restricted by Rule 15(a), which directs that leave to amend shall be freely given when justice requires. *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 367-368 (5th Cir.2001).

The Plaintiff believes that the allegations in his Complaint in fact meet the "particularity" requirements of Rule 9(b) – and is, in any event, perfectly agreeable to amending his Complaint, to comply with those requirements, should the Court determine otherwise.

*Applicability of M.G.L.A. Chapter 93A to the Plaintiff's Claims*

The heart of all of the Plaintiff's claims herein is the defendants' allegedly fraudulent or deceitful behavior. It is axiomatic that, absent some explicit exemption, behavior that provides a basis for claims of common law misrepresentation or fraud or deceit will also provide a basis for a Chapter 93A claim, See *Acushnet Federal Credit Union v. Roderick*, 26 Mass. App. Ct. 604, 608, 530 N.E.2d 1243, 1246 (1988); *Nickerson v. Matco Tools Corp.*, 813 F.2d 529, 531 (1st Cir.1987); *Puretest Ice Cream, Inc. v. Kraft, Inc.*, 614 F.Supp. 994, 997 (D.Mass.1985).

Section 11 of Chapter 93A (the section on which the Plaintiff's Chapter 93A claims herein are based) requires that both the perpetrator(s) and the victim(s) be "engaged in trade or commerce" and that the complained-of misbehavior have occurred in that context. Examples of disputes *not* occurring in a "trade or commerce" context include home sales involving private parties, employer-employee disputes, landlord-tenant disputes, disputed actions of an administrator in settling an estate *et cetera*. The Massachusetts Supreme Judicial Court has described the key test, as regards the "trade or commerce" requirement, as whether the complained-of misbehavior *occurred in a business context*. *Lantner v. Carson*, 374 Mass. 606, 611, 373 N.E.2d 973, 976 (1978).

Pursuant to an amendment to Chapter 93A which was adopted by the Massachusetts legislature and became effective on April 4, 1998, that Chapter now applies explicitly to securities transactions. *Salkind v. Wang*, __ F. Supp. __ (D.Mass.1995); *Reisman v. KPMG Peat Marwick LLP*, 965 F.Supp. 165 (D.Mass.1997).

*Baselessness of Defendants' Assertion That Agreed-Upon Concealment of the Plaintiff's Ownership Interest in Voice Distributors Was "Illegal"*

In Paragraph 10 of his <u>Complaint</u> herein the Plaintiff states that "[b]ased upon his purported concern over the possible effect upon Voice Distributors of a dispute that had arisen between the Plaintiff and CTS over the sale to CTS of the New England Telecom business, Gulakos induced the Plaintiff to conceal his one-half ownership interest in Voice Distributors and to allow said interest to be held in Gulakos' name".

The Plaintiff will simply point out to this Court, and ask the Court to take judicial notice of, the widespread and perfectly legal phenomenon of the "undisclosed principal" (a tactic recently engaged in by Harvard University in acquiring properties in the Allston district of Boston) and practice of concealing beneficial ownership through the use of "nominees" and the like. There is, quite simply, nothing inherently "illegal" in the latter

-9-

practice, and nothing in the above-quoted language that warrants the defendants'

assertion that it was "illegal" in this particular instance.

**Conclusion**

For the reasons set forth above the Plaintiff respectfully requests that the

defendants' motion to dismiss the Plaintiff's Complaint herein be denied.

PAUL W. GREGORY
By his attorney,

Donal B. Barrett, Esq.
11 Pleasant Street
Dover, MA 02030
(B.B.O. No 030560)
(508-785-1618)
(Fax: 785-1305)

Dated: August 23, 2004

**CERTIFICATE OF SERVICE**

I, Donal B. Barrett, do hereby certify that on this 23rd day of August, 2004 I
served a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to
Dismiss by first-class mail, postage prepaid, upon the following individual:

David E. Belfort, Esq.
Corrigan, Bennett & Belfort, P.C.
One Kendall Square
Building 300 (Second Floor)
Cambridge, Massachusetts 02139.

Donal B. Barrett