UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL W. GREGORY,     )<br>    Plaintiff     )<br>     )     Docket No. 04-10719-GAO<br>v.     )<br>     )<br>NICKOLAS GULAKOS,     )<br>VOICE DISTRIBUTORS, INC.,     )<br>And TELECOM EXPRESS, INC.,     )<br>    Defendants.     ) | |

### DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### I.
### INTRODUCTION

NOW COME the Defendants, Nickolas Gulakos, Voice Distributors, Inc., and Telecom Express (hereinafter "Gulakos," "Voice Distributors" and "Telecom," respectively), and hereby submit their reply memorandum to the Plaintiff's Opposition to Defendants' Motion to Dismiss ("*Plaintiff's Opposition*" or "*Opposition*").

### II.
### REPLY ARGUMENT

1. The Defendants' Motion to Dismiss should be granted because the Plaintiff's claims alleging Federal Securities Fraud are not adequately plead.

To summarize applicable law, in order for Plaintiff to state a claim under Rule 10b-5, a plaintiff must allege facts that show that a defendant or defendants made a misstatement of material fact with the requisite scienter, and that the plaintiff relied on the statement, proximately causing damages. Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976); In re: Cabletron Systems, Inc., 311 F.3d 11 (1st Cir., 2002). A plaintiff must

plead such claims with sufficient particularity, specifying the allegedly fraudulent statements, the identity of the speaker, where and when the statements were made, and why the statements were fraudulent. In re: Allaire Corporation Securities Litigation, 224 F.Supp.2d 319 (D.Mass., 2002). Finally, an individual only has standing to challenge events occurring *prior to* the date of his last purchase or sale. In re: Bank of Boston Corp. Securities Litigation, 762 F.Supp. 1525 (D.Mass., 1991); Konstantinakos v. FDIC, 719 F.Supp. 35 (D.Mass., 1989).

In his *Opposition*, the Plaintiff reiterates the standard for bringing a claim under Rule 10b-5, but erroneously concludes without substantiation that the facts of the *Complaint* satisfy that standard. See *Plaintiff's Opposition* at pages 4-5. The Plaintiff may be "contending" that Mr. Gulakos committed fraud "in connection with" the stock sale, but the law clearly requires that any alleged fraudulent acts must occur before a plaintiff's last securities transaction in order to satisfy that element of a valid 10b-5 claim. See Konstantinakos, *supra*. Since the Plaintiff alleges that Mr. Gulakos convinced him to conceal his interest after the Plaintiff had acquired it, the Plaintiff has utterly failed to establish the adequacy of his claims under Rule 10b-5, as well as his standing to bring such a claim[1].

In his *Opposition,* Plaintiff cites an abundance of case law concerning the Rule 9(b) requirements for pleading fraud with particularity. Plaintiff concedes that:

1) he must specify the time, place and content of the alleged false representation;

2) the complaint must set forth specific facts that make it reasonable to believe that the defendant knew the statement was materially false or misleading;

---

[1] Tellingly, the Plaintiff altogether fails to address the Defendants' arguments regarding additional elements of a Rule 10b-5 claim. As discussed at pages 8 through 9 of *Defendants' Motion to Dismiss*, the Plaintiff has additionally failed to plead facts demonstrating the key elements of scienter and materiality.

3) plaintiffs must, at the very least, provide some means of injecting precision and substantiation into their allegations; and

4) even when the defendant retains control over necessary information, boilerplate and conclusory allegations will not suffice.

See *Plaintiff's Opposition* at pages 6-7 (internal citations omitted).  Despite citing these requirements and a litany of general fraud-related case law, the Plaintiff merely interjects conclusory and unsupported statements relative to his belief that the general allegations set forth in the *Complaint* satisfy these requirements.  See *Id.* at page 8.

A careful review of the *Complaint* reveals that the Plaintiff, in fact, has specified no fraudulent representations at all on the part of any Defendant.  The *Complaint* is absolutely devoid of any details as to the place, time or content of an allegedly false representation, and no facts are plead which inject even a modicum of precision or substantiation into the Plaintiff's allegations.  The Plaintiff's failure is especially striking given the First Circuit's heightened pleading requirement in cases of securities fraud.  See Maldonado v. Dominguez, 137 F.3d 1 (1st Cir., 1998).  While the specific procedural requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78j, do apply to class actions, the PSLRA's substantive pleading requirements effectively restate the standard applied to all securities litigation in the First Circuit.  See Greebel v. FTP Software, Inc., 194 F.3d 185, 193 (1st Cir., 1999).

Because the Plaintiff has failed to establish that his conclusory allegations of Federal securities fraud satisfy any of the particularity requirements of Rule 9 (b), his Federal claim fails.

To the extent that the Plaintiff's Federal statutory claims are dismissed, the remaining counts of the Complaint should also be dismissed for lack of subject matter jurisdiction.  Camelio v. American Federation, 137 F.3d 666 (1st Cir., 1998).

2. <u>The Defendants' Motion to Dismiss should be granted with respect to all claims against Defendant Telecom because the *Complaint* fails to allege any set of facts which would impose liability upon that Defendant.</u>

a. <u>The Plaintiff's claim of fraudulent conveyance is raised for the first time in his Opposition, and therefore does not warrant this Court's consideration.</u>

The *Complaint* includes five counts – Federal Securities Fraud, Massachusetts Securities Fraud, Common Law Deceit, M.G.L. c. 93A and Breach of Contract.  See *Complaint* at pages 4-5.  The Plaintiff's purported claim of fraudulent conveyance is mentioned for the first time in the *Opposition*.  See *Plaintiff's Opposition* at pages 3-4.  Rule 15 of the Federal Rules of Civil Procedure clearly states that a party may amend its pleading <u>only</u> before a response is served or with leave of the court.  See Fed.R.Civ.P. 15 (a) and (b).  Where a complaint suggests theories not specifically plead, a plaintiff must amend the complaint with definite averments invoking such theories explicitly.  Levine v. E.F. Hutton & Co., Inc., 447 N.E.2d 8 (Mass.App.Ct., 1983).  The *Plaintiff's Opposition* is not the proper mode of inserting new and distinct causes of action.  The Plaintiff is not entitled to amend his Complaint in this manner, and the Court should disregard this newfound theory of fraudulent conveyance.

      b. <u>In any event, the Plaintiff fails to state a cognizable claim of fraudulent transfer against Defendant Telecom.</u>

In his *Opposition*, the Plaintiff states for the first time that Defendant Telecom is a necessary party due to its purported liability under the Massachusetts Fraudulent Transfer Act, M.G.L. c. 109A ("MFTA"). <u>See</u> *Plaintiff's Opposition* at page 3. The MFTA establishes a means of reaching property transferred "with actual intent to hinder, delay or defraud any creditor." <u>See</u> M.G.L. c. 109A § 7. Allegations of fraudulent transfer are subject to the particularity requirements of Rule 9 (b). <u>See</u> <u>Nota Construction v. Keyes Associates</u>, 45 Mass.App.Ct. 15 (1998); <u>Humbert v. Dworman</u>, 17 Mass.L.Rptr. 625 (Mass.Super., 2004).

The grantor's actual intent to hinder, delay or defraud is an essential element of a claim under the MFTA. <u>See</u> <u>Discover Realty Corporation v. David</u>, 2003 Mass.App.Div. 172 (2003). However, the *Complaint* is notably silent as to any such intent on the part of Mr. Gulakos, Voice Distributors or Telecom. <u>See</u> *Complaint* at ¶ 13. The Plaintiff only contends that he is a "putative 'creditor'" of Mr. Gulakos and Voice Distributors and that, since Mr. Gulakos allegedly diverted funds to Telecom, that company is a likely object of a court order or judgment invalidating these purported transfers. <u>See</u> *Id.* at pages 3-4. However, the Plaintiff does not state that this alleged diversion of funds was improper or illegal. <u>See</u> *Complaint* at ¶ 13. The *Complaint* simply cannot be read to state a claim of fraudulent conveyance or any other cause of action against Telecom. Therefore, all claims against Telecom must be dismissed.

## III.
## CONCLUSION

    WHEREFORE, the Defendants request that this Honorable Court grant their Motion to Dismiss and order any other remedy it deems fit.

                                      Respectfully submitted,
                                      NICKOLAS GULAKOS,
                                      VOICE DISTRIBUTORS and
                                      TELECOM EXPRESS, INC.
                                      By their attorneys,

Dated:  September 3, 2004                    _____
                                      David E. Belfort
                                      BBO# 634385
                                      Todd J. Bennett
                                      BBO# 643185
                                      Corrigan, Bennett & Belfort, P.C.
                                      One Kendall Square
                                      Building 300, 2nd Floor
                                      Cambridge, MA 02139
                                      Tel.: (617) 577-8800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on September ___, 2004.

                                      _____
                                      David E. Belfort